```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF GEORGIA
                           COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE         *    MDL Docket No. 2004
                                       4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS     *
                                       Case Nos.
LIABILITY LITIGATION              *    4:12-cv-249 (McBride)
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Frances Ann McBride was implanted with ObTape and asserts that she suffered injuries caused by ObTape. McBride brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. McBride also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment on McBride's claims, contending that they are time-barred. For the reasons set forth below, Mentor's summary judgment motion (ECF No. 49 in 4:12-cv-249) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

On May 2, 2005, Dr. Fah Che Leong implanted Frances Ann McBride with ObTape to treat her stress urinary incontinence. During that surgery, Dr. Leong also implanted McBride with a Veritas bovine graft to correct other symptoms. Within a year after her surgery, Dr. Leong treated McBride on several occasions for granulation tissue and extrusion of the sutures from the Veritas graft. Then, in July 2006, Dr. Leong told McBride that he suspected a sling erosion, and he recommended a revision surgery. Dr. Leong performed the revision surgery in August 2006. He excised the exposed portion of McBride's ObTape and also removed exposed sutures.

In March 2007, McBride sought treatment from Dr. Dionysios Veronikis because she was still experiencing vaginal discharge and bleeding. Dr. Veronikis told McBride that she had an

2

infection in the area of her mesh and that the mesh had to come out to clear her infection. McBride Dep. 111:13-112:11, ECF No. 49-5 (stating that Dr. Veronikis told her "there was no way to treat [the infection] other than taking the mesh out"). McBride understood from Dr. Veronikis that "there was no healing [the ObTape], it had to come out." *Id.* at 112:19-21. In March 2007, Dr. Veronikis performed surgery to remove McBride's ObTape. He was able to remove all but a small piece of the ObTape. During the excision surgery, Dr. Veronikis concluded that the ObTape caused McBride's infection. After the excision surgery, McBride's infection was resolved. *Id.* at 114:24-115:6. Shortly after the excision procedure, McBride called Dr. Leong to tell him that her ObTape had been removed; she was upset that he had "given [her] something that had not worked." *Id.* at 118:13-23.

    McBride is a Missouri resident whose ObTape-related treatment took place in Missouri. She filed her action in this Court pursuant to the Court's direct filing order on September 20, 2012, asserting claims for negligence, strict liability – design defect, strict liability – manufacturing defect, strict liability – failure to warn, breach of implied warranties, breach of express warranties, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation.

DISCUSSION

McBride filed her action in this Court under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. McBride is a Missouri resident whose ObTape-related treatment took place in Missouri, and the parties agree that Missouri law applies to her claims. Mentor contends that all of McBride's claims are time-barred under Missouri law.

## I. McBride's Tort Claims

Missouri has a five-year statute of limitations for tort claims. Mo. Ann. Stat. § 516.120(4). This statute of limitations applies to McBride's negligence (including negligent misrepresentation), strict liability, and implied warranty claims.[1] A tort cause of action accrues when the damage resulting from a breach of duty "is sustained and capable of ascertainment." *Lockett v. Owens-Corning Fiberglas*, 808 S.W.2d 902, 907 (Mo. Ct. App. 1991) (citing Mo. Stat. Ann. § 516.100). Under Missouri law, where "the damage is a physical ailment, it

---

[1] McBride also argues the limitations period for her express warranty claim is five years. The Court previously concluded that the limitations period for express warranty claims under Missouri law is four years. *See Clinton* v. *Mentor Worldwide LLC*, Order on Mot. for Partial Summ. J. 6-8, ECF No. 67 in 4:12-cv-245 (M.D. Ga. Feb. 29, 2016). But even if the five-year limitations period applies as McBride argues, her express warranty claim would still be time-barred.

4

is 'sustained and capable of ascertainment,' at the latest, when it is diagnosed." *Id.* (finding that asbestosis plaintiff's claims accrued when he received his initial diagnosis of asbestosis); *accord Elmore v. Owens-Illinois, Inc.*, 673 S.W.2d 434, 436 (Mo. 1984) (finding that asbestosis plaintiff's claims did not accrue until he was diagnosed with asbestosis).

"[T]he statute of limitations begins to run when the 'evidence was such to place a reasonably prudent person on notice of a potentially actionable injury.'" *Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 582 (Mo. 2006), *as modified on denial of reh'g* (Aug. 22, 2006) (quoting *Bus. Men's Assurance Co. of Am. v. Graham*, 984 S.W.2d 501, 507 (Mo. 1999)). Although all possible damages need not be known before the statute accrues, the plaintiff must have notice of the existence of the wrong and the damage "or of something that puts plaintiff on notice to inquire further." *Id.* at 584. In *Lockett*, for example, the plaintiff was exposed to asbestos and contracted asbestosis. The Missouri Court of Appeals concluded that the statute of limitations began to run when the plaintiff received a diagnosis of asbestosis. *Lockett*, 808 S.W. at 908. The court reasoned that the five years after that diagnosis "was ample time for plaintiff, as a reasonable man, to exercise due diligence to protect himself and his rights." *Id.* The court noted that the plaintiff's failure to follow up on the diagnosis

in a timely manner was "precisely [the] sort of delay in the prosecution of a claim that the statute of limitations is designed to prevent and from which the statute protects defendants." *Id.*

Here, McBride contends that she did not learn of a connection between ObTape and her injuries until 2011 when she saw a television commercial regarding mesh complications. But McBride knew or should have known that she suffered some injuries caused by ObTape well before then. In March 2007, McBride's doctor told her that she had an infection in the area of her mesh and that the mesh had to come out to clear her infection. McBride understood that there was no way to treat the infection other than taking out the mesh. And she was upset that her implanting physician had implanted her with a product that did not work. Therefore, McBride knew of, strongly suspected, or had enough information to know of a connection between ObTape and at least some of her injuries by March 2007. A reasonable person in that situation would take some action to follow up on the cause of her injuries and try to find out whether the injuries were caused by a problem with ObTape, a problem with the implant surgery, or some other problem. The statute of limitations for McBride's tort claims therefore accrued in March 2007. She did not file her action until more than five years later, so her tort claims are barred.

6

**II.   McBride's Fraud and Intentional Misrepresentation Claims**

Missouri has a five-year statute of limitations for fraud claims.  Mo. Ann. Stat. § 516.120(5).  A fraud cause of action does not accrue "until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." *Id.*  "Under this statute, all fraud claims must be brought within five years from when the cause of action accrues, which is either when the fraud is discovered or at the end of 10 years after the fraud takes place, whichever occurs first." *Ellison v. Fry*, 437 S.W.3d 762, 769 (Mo. 2014).  As McBride acknowledges, "[a] cause of action for fraud accrues at the time the defrauded party discovered or in the exercise of due diligence, should have discovered the fraud."  *Burr v. Nat'l Life & Acc. Ins. Co.*, 667 S.W.2d 5, 7 (Mo. Ct. App. 1984).  "The plaintiff maintains the duty to make inquiry to discover the facts surrounding fraud."  *Id.*  "Where the means of discovery exist, the plaintiff will be deemed to have known of the fraud so as to begin the running of the statute."  *Id.*  Thus, to avoid being barred by the statute of limitations, plaintiffs must show "due diligence on their part in attempting to discover the fraud" and that they could not have discovered the fraud with due diligence.  *Id.*

As discussed above, McBride knew of, strongly suspected, or had enough information to know of a connection between ObTape and at least some of her injuries by March 2007.  A reasonable

7

person in that situation would take some action to follow up on the cause of her injuries and try to find out whether the injuries were caused by a problem with ObTape, a problem with the implant surgery, or some other problem.  But McBride pointed to no evidence that she exercised reasonable diligence to investigate her potential claims even though she knew (or had enough information to know) there was a connection between her injuries and the ObTape.  She also did not point to evidence that she could not have discovered enough facts to support her fraud claims had she started investigating the connection she made (or had enough information to make) between ObTape and her injuries within a reasonable time after she discovered the connection.  For these reasons, the Court finds that McBride's fraud and intentional misrepresentation claims accrued in March 2007.  She did not file her complaint within five years, so her fraud claims are time-barred.

## CONCLUSION

As discussed above, Mentor's summary judgment motion (ECF No. 49 in 4:12-cv-249) is granted.

IT IS SO ORDERED, this 4th day of March, 2016.

s/Clay D. Land  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA
